BEFORE THE THIRD DIVISION, FEBRUARY 24, 1969

No. P69/53.—Henry A. Wess, Inc. v. United States, protest 63/21136 (Cleveland).

Landis, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of statuary figures, valued at $2.50 or more each, similar in all material respects to those the subject of *Wm. S. Pitcairn Corp.* v. *United States* (39 CCPA 15, C.A.D. 458), the claim of the plaintiff was sustained.

No. P69/54.—Fujii Shoji, Ltd., and American Customs Brokerage Co. et al. v. United States, protests 63/23025, etc. (Honolulu).

Rosenstein, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of Iso peanuts, peanut crackers, and Japanese rice crackers similar in all material respects to those the subject of *Hilo Rice Mill Co., Ltd., American Customs Brokerage Company et al.* v. *United States* (52 CCPA 106, C.A.D. 866), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, FEBRUARY 26, 1969

No. P69/55.—Irving W. Rice Co., Inc., et al. v. United States, protests 67/12134, etc. (New York).

Landis, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of finished glass atomizer bases; that the merchandise in its imported condition possesses no independent function and is solely used when attached to and assembled with other substantial components thereby comprising a complete atomizer; and following the principles set forth in *William Adams, Inc.* v. *United States* (56 Cust. Ct. 429, C.D. 2670), the claim of the plaintiffs was sustained.